UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 09 2010 ★

BROOKLYN OFFICE

-----------------------------------------------------------x

MELVIN HESS,
**On Behalf of Himself and Others
Similarly Situated,**

COMPLAINT

**CV 10 - 5194**

            **Plaintiff,**

        -against-

**DILIMETIN & DILIMETIN, P.C. and
FELLOW HYMOWTIZ EPSTEIN P.C.,**

**DEARIE, CH. J.**

        **Defendants.**

**POHORELSKY, M.J.**

-----------------------------------------------------------x

The plaintiff, **MELVIN HESS** (hereafter "Mr. Hess" or "the plaintiff")

individually, as well as on behalf of all other persons similarly situated, by his

attorneys Fishman & Mallon, LLP, as and for his amended complaint against the

defendants **DILIMETIN & DILIMETIN, PC** and **FELLOW HYMOWITZ & EPSTEIN,**

**P.C.** (hereafter "the defendants"), alleges as follows, upon information and belief, as

follows:

### PRELIMINARY STATEMENT

1. This case is brought as a class action for actual and statutory damages,

statutory attorney's fees and injunctive relief brought pursuant to 15 USC § 1692 *et*

*seq*. ("Fair Debt Collection Practices Act" or "FDCPA").

2. The defendants engaged in conduct violative of the FDCPA by, *inter alia*,

suing consumers who were customers of Approved Oil Company in Queens County

regardless when the consumer did not reside in Queens County nor sign any consumer contracts with Approved Oil in Queens County.

4. The plaintiff allege that the defendant's practice of suing all such customers of Approved Oil with allegedly delinquent accounts in Queens County, violates various provisions of the FDCPA as set forth more particularly herein.

5. The plaintiff further allege that the defendant's conduct and action described here is the same, or substantially similar to, the conduct and action they direct at numerous other persons.

### JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction of the state law claim asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

### PARTIES

7. The plaintiff MELVIN HESS is a person over the age of eighteen who currently is a resident and citizen of the State of York, Kings County, and is a "consumer" within the meaning of the FDCPA [15 U.S.C. § 1692a(a)].

8. The defendant DILIMETIN & DILIMETIN P.C. is a professional corporation engaged in the business of a law firm with a principal place of business at 47 Plandome Road, Manhasset, NY.

2

9.     The defendant FELLOW HYMOWTIZ EPSTEIN P.C. is a professional corporation engaged in the business of a law firm with a principal place of business at 254 South Main St, Suite 400, New City, NY 10956.

10.   The defendants are a "debt collector" within the meaning of the FDCPA [15 USC § 1692(a)(6)] in that they regularly engage in the collection, or the attempted collection, of "debts," as that term is defined by 15 USC § 1692a(6), which are owed, or alleged to be owed, to others.

## FACTS PERTAINING TO MELVIN HESS

11.     On November 9, 2009 the plaintiff received notice that he had been sued by defendant Dilimetin & Dilimetin on behalf of Approved Oil.  The complaint sought $959.08 in damages to recover for a delivery of oil that Approved Oil allegedly made to Mr. Hess.

12.     The complaint against Mr. Hess was filed in Queens County Civil Court despite the fact that Mr. Hess was a resident of Kings County, Approved Oil's principal place of business was in Kings County, and the oil allegedly was delivered to Mr. Hess's residence in Kings County.

13.     On or around August 17, 2010 defendant Fellow Hymowitz substituted in as counsel for Approved Oil in the Queens County Civil Court case and continued defendant's Dilimetin & Dilimetin's attempts to collect the debt alleging owing to Approved Oil from Mr. Hess.   Plaintiff is informed that around this date defendant Fellow Hymowitz took over all of Dilimetin & Dilimetin's remaining Approved Oil's

3

cases and continued Approved Oil's practice of filing all such claims in Queens County regardless of the consumer's actual county of residency.

## CLASS ALLEGATIONS

14. This action is brought as, and may properly be maintained as, a class action pursuant to FRCP 23(b)(3). The plaintiff bring this action on behalf of themselves and all members of a class (the "Class"), consisting of all persons who are consumers, as defined by the FDCPA, who were sued by the defendants on behalf of Approved Oil in Queens County Civil Court where the consumer did not reside in Queens County.

15. This proposed class definition is provisional and may be adapted, as appropriate, upon discovery.

16. The class is so numerous that joinder of all members is impractical. The plaintiff reasonably believes that the number of similarly situated consumers numbers in the hundreds.

17. There are questions of law and fact common to the class, which predominate over any questions affecting only the plaintiff. The principal question is whether the defendants' conduct all allegedly delinquent customers of Approved Oil in Queens County Civil Court violates the FDCPA.

18. There are no individual questions, other than whether a class member resided in Queens County, which can be determined by ministerial inspection of the defendants' records.

4

19. The plaintiff will fairly and adequately protect the interests of the class. He is committed to vigorously litigate this matter.  To that end, he has retained competent counsel who is experienced in handling claims under the FDCPA. Neither the plaintiff or their counsel have any interests which might deter them from vigorously prosecuting this case.

20. The plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

21. A class action is a superior method for the fair and efficient adjudication of this controversy.  Most of the persons who were sued in Queens County by the defendants undoubtedly have no knowledge that their rights are being violated by illegal debt collection practices.

22. The interest of class members in individually controlling the prosecution of separate claims against the defendants is relatively small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of this class claim is likely to present significantly fewer difficulties than those presented in many other more complex class actions.

## AS AND FOR A FIRST CAUSE OF ACTION

23. The plaintiff repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

24. The defendant's conduct as described above violates 15 USC § 1692i(a)(2) which prohibits debt collectors from suing consumers in a judicial district

other than one where the consumer either signed the contract issued upon or resided at the commencement of the action.

25.  By reason of the foregoing, the defendant is liable to the plaintiff, and the class they represent, for actual and statutory damages as provided by 15 USC §§ 1692k(a)(1) and (a)(2)B).

26.  The plaintiff, and the class they represent, are entitled to recover costs and attorney's fees from the defendant pursuant to 15 USC § 1692k(a)(3)

**WHEREFORE**, the plaintiff demand judgment against the defendant on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

## THE PLAINTIFF DEMANDS A JURY TRIAL

Dated: November 9, 2010

Kevin Mallon
FISHMAN & MALLON, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 897-5840
Fax: (212) 897-5841